UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| PETER F. A. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV406-002 |
| | ) | |
| MICHAEL CHERTOFF, *Secretary, Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES OF AMERICA; | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is plaintiff's motion to compel responses to certain discovery requests. (Doc. 112.) Defendants have responded in opposition to the motion (Doc. 120), and plaintiff has replied to defendants' response (Doc. 125). For the following reasons, plaintiff's motion is **GRANTED IN PART and DENIED IN PART**.

I. **ANALYSIS**

Plaintiff, Peter Brown, filed this employment discrimination action against defendants claiming that they violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., by improperly removing him from service with Customs and Border Protection in retaliation for his filing various Equal Employment Opportunity ("EEO") complaints. (Doc. 112 at 1-2.) In the present motion, Brown alleges that defendants have been less than forthcoming in responding to his recent discovery requests. (Id. at 5.) Specifically, he asserts that defendants have failed to respond fully or to supplement prior discovery requests based upon new information that came to light during the September 2007 depositions of Tracy Coleman, Ira Reese, and Rebecca Canoyer.[1] (Id. at 7.) Additionally, Brown alleges that defendants have failed to properly supplement their January 9, 2008 responses to his interrogatories. (Id. at 21.) Consequently, he asks that defendants be compelled to provide the requested documents and supplement their answers to his interrogatories.

---

[1] After the discovery period had closed, the Court reopened discovery to allow plaintiff to pursue matters that he became aware of during the three depositions taken in September 2007. (Doc. 96.)

2

(Id. at 8.)

## A. Document Requests

Brown seeks discovery primarily related to two requests for production of documents. The first request was filed on December 15, 2006, and the second was filed on November 1, 2007, shortly after the September 2007 depositions. (Id. at 7.) He also seeks to compel the production of certain attachments to several specific e-mails. (Id. at 17.)

### i. *December 15, 2006 document request*

Brown asserts that defendants have failed to respond fully to two requests for documents he made in his initial request for the production of documents, (id. at 7), which sought "[a]ll documents related to the discipline and removal of Plaintiff," and "[a]ll documents related to Plaintiff's prior EEO complaints." (Doc. 112 Ex. 1 at 2.) In response to those requests, defendants simply "produced a copy of the EEO investigative file" and indicated that the "'remaining documents . . . requested have already been produced.'" (Doc. 112 at 7.)

Brown claims that he first discovered that defendants had not produced all documents relevant to the request at the deposition of Tracy

3

Coleman, taken on September 27, 2007. (Id. at 12.) Specifically, Ms. Coleman indicated that certain e-mails existed regarding Brown's disciplinary proceedings (Doc. 92 Ex. 6 at 82), and those e-mails were not produced. (Doc. 112 at 3). Defendants counter with the following three arguments: (1) Brown did not raise timely objections to defendants' production of the EEO investigative file, (2) he did not expressly define "document" in his request for production to include electronically stored information, and (3) all documents, e-mails, and attachments to e-mails which are responsive to Brown's requests have been produced. (Doc. 120 at 8-12.)

Defendants first argue that Brown failed to object to their responses to his request for production within a reasonable time period. (Id. at 11.) As noted above, Brown moved for the production of these documents in December 2006. He did not object to the defendants' responses until January 2008. (Id.) Defendants admit that neither the federal nor the local rules require that objections by the propounding party be filed within a certain time period, but they argue that "some requirement of reasonableness should be imposed as to the time limit within which a

propounding party must notify the responding party of a position that the responses provided were inadequate or incomplete." (Id.) Defendants, however, seem to forget that Brown was not on notice of the existence of these e-mails until late September 2007, when he took Coleman's deposition. Based upon his late discovery of the existence of these materials, the Court holds that the objections were not unreasonably tardy.

Defendants next contend that Brown's document requests did not adequately define "documents" as including electronically stored information. (Id. at 8.) Defendants concede that the "advisory committee notes to the 2006 amendment [to Federal Rule of Civil Procedure 34] provide that a Rule 34 request for production of 'documents' should be understood to encompass electronically-stored information." (Id.) They argue, however, that the 2006 amendments had only been in place for two weeks at the time Brown propounded his requests and that the Rule 34 advisory committee notes permit an exception where "discovery in the action has clearly distinguished between electronically stored information and 'documents.'" (Id.)

Both arguments are inapposite, however. Defendants admit that the 2006 amendments to the Federal Rules were in place at the time Brown propounded his discovery requests. They further admit that "there had been no prior Rule 34 discovery in the district court action as of December 2006," yet they contend that Brown's definition of "document" set forth in a prior Merit Systems Protection Board ("MSPB") administrative proceeding should control. (Id.) They cite no authority for the proposition that a plaintiff's discovery definitions from a prior administrative proceeding should have any bearing on a subsequent federal court action, nor is the Court aware of any. Consequently, the Court concludes that the government's argument is without merit.

Turning to defendants' third argument, they contend that all responsive documents and e-mails responsive to Brown's request have been produced. (Id. at 10.) Brown disputes this assertion (Doc. 125 at 16), referencing two letters from Philip Carpio, an attorney in the Office of the Associate Chief Counsel of the United States Customs and Border Protection, which indicated that certain efforts were still underway to recover old e-mails on several backup tapes. (Doc. 112 at 14.) The last of

these letters was written on February 28, 2008. (Id.) On March 27, 2008, however, Carpio testified by affidavit that all e-mails and e-mail attachments identified or retrieved by Customs and Border Protection that were responsive to Brown's discovery requests have been produced to Brown's counsel.[2] (Doc. 120 Ex. C at ¶ 12.) Consequently, as defendants assert that they do not have any remaining responsive materials, plaintiff's motion to compel the production of these documents is **DENIED**.[3]

    ii.    *November 1, 2007 document request*

Brown also seeks to compel defendants to produce documents responsive to requests 3 through 11 in his second request for production of documents, which he submitted on November 1, 2007. (Doc. 112 at 7-11.) Most of these requests revolve around the circumstances of Brown's termination, including certain disciplinary proceedings against him for

---

[2] These e-mails were produced at great expense to the government. Carpio testified that the retrieval cost Customs and Border Protection an estimated $10,000 to $15,000. (Doc. 120 Ex. C. at ¶ 11.)

[3] To the extent that Brown seeks documents from his disciplinary file, his request is **DENIED**. Defendants have openly admitted to the negligent destruction of that file, and Brown has already moved for sanctions for spoliation of that evidence. (Doc. 120 at 10.)

7

insubordination and harassment.

Document requests 3 and 4 sought internal affairs files relating to plaintiff's administrative disciplinary proceedings. (Doc. 112 at 8.) Defendants initially objected to these discovery requests as being outside the scope of this Court's December 7, 2007 Order limiting Brown's further discovery to matters he became aware of during the September 2007 depositions. (Doc. 120 at 13.) That objection is without merit, as Brown was unaware of the existence of these files until the September 2007 depositions. (Doc. 125 at 17-18.)

Defendants also contend that they have produced to Brown's counsel all internal affairs records retrievable using Brown's identifier information. (Doc. 120 at 13.) Brown questions whether all documents have been produced, as the defendants qualified their response by stating that "retrievable" records have been produced. (Doc. 125 at 18.) Brown appears to believe that there are still certain electronically accessible records responsive to this request. Based upon Carpio's affidavit, however, it appears that all electronic information that can be recovered has been recovered and produced. Accordingly, plaintiff's motion to

compel the production of these documents is **DENIED**.

Document requests 5 and 6 sought all records relating to the determination not to investigate the allegations of Brown's alleged insubordination before presenting the matters to the Disciplinary Review Board and all records relating to the decision not to follow step two of the disciplinary process set forth in the Agency's "Guide to Good Conduct and the Discipline Process." (Doc. 120 at 14.) Defendants once again objected to these requests on the grounds that they were outside of the scope of permissible discovery set by the Court's December 7, 2007 Order. For the same reasons given above, that argument is without merit. (Id.)

Defendants next argue that there was a policy in place that established that claims of insubordination were not to be investigated by Internal Affairs. (Id.) The "Winwood memorandum," which established this policy, was produced to Brown in defendants' initial response to these requests. (Id.) Defendants further contend that they have no other responsive documents that have not been produced. (Id.) As before, all documents responsive to these requests have been produced, so Brown's motion to compel the production of these documents is **DENIED**.

Document requests 7, 8, 9, and 10 seek all e-mails related to any EEO activity by Brown, Brown's removal, the consideration of discipline of Brown, and the investigation of Brown for any other matter in the relevant time period. (Id. at 16.) Once again, defendants assert that all e-mails retrievable from Customs and Border Protection's computer systems, and all e-mails retrievable from backup tapes at the Savannah Customs Lab, have been produced. (Id.) Brown also seeks all e-mail attachments responsive to his request. (Id. at 17.) Again, however, Carpio's affidavit asserts that all recoverable e-mail attachments have been produced (Doc. 120 Ex. C at ¶ 12), and Brown does not provide any specific details regarding the existence of attachments responsive to this request. Thus, Brown's motion is **DENIED**.

In document request 11, Brown sought production

> of all notes, documents, memoranda and email concerning Plaintiff that was created, addressed to (as an addressee or cc:), sent by or received by any of the following persons during the time frame of January 1, 2002 through January 1, 2004: Ira Reese, Rebecca Canoyer, Mary Eichelberger, Tracy Coleman, Nicky MacCauley, Mary Yonkers, Woody Hall, Charles Armstrong, Carson Watts, Cecil Clements, Franklin Jones, Glenn Nick, Cathy Sauceda, Donna Hartung, Delores Lane, Leonard Angevine, David King, Julia Kerslake (Wyche or Lynch), any person employed by Human Resources

>Management, any person employed by Internal Affairs (IA), and any person employed by the agency's Equal Opportunity Office.

(Doc. 125 at 20.) Defendants argue that they have produced all e-mails responsive to this request, but their response implies that certain responsive documents still exist because they state that "if Plaintiff desires any additional documents from the remaining persons named in this document request, the burden should be placed upon Plaintiff to show that he first learned of these people or their role in the disciplinary proceeding against him during the September, 2007 depositions." (Doc. 120 at 18.)

These documents are clearly responsive to Brown's initial December 15, 2006 request for production. Furthermore, prior to the September 2007 depositions, Brown was not aware that defendants had withheld e-mails and other electronically stored documents based upon their interpretation of "document" in his initial request for production. Consequently, defendants are **DIRECTED** to produce any remaining materials responsive to this request.[4]

---

[4] Defendants also objected to the production of certain documents responsive to requests 7 through 11 on the grounds of privilege. (Doc. 112 at 20.) To the extent that there are any remaining documents that were not produced for this reason, defendants

iii. *Additional specific and numbered requests for attachments to e-mails*

Brown asserts that defendants have produced several e-mails but failed to include several attachments to those emails. (Doc. 112 at 17.)

He first seeks a copy of a factfinder's report relating to an EEO investigation regarding his alleged harassment of Laurie Lungwitz. (Id. at 18.) Brown was named as a witness in the proceeding, but he was never called to testify.[5] (Doc. 120 at 21.) The report was discussed in several e-mails circulated in late 2002. (Id.) Defendants contend that the factfinder's report was not attached to the described e-mails, so they are

---

are **DIRECTED** to either produce the documents or submit a privilege log so that the Court can make an intelligent and independent assessment of whether the privilege is properly asserted. The log should be supported by affidavit or other evidence, identifying each document or communication claimed to be protected by the privilege and setting forth sufficient facts to allow a judicial determination as to whether the particular communication or document is in fact privileged. In re Stein Law Firm, No. 05mc033, 2006 WL 1305041, at *7 (D.N.M. Feb. 9, 2006); Int'l Paper Co. v. Fibreboard Corp., 63 F.R.D. 88, 93-94 (D. Del. 1974); see United States v. Rockwell Int'l, 897 F.2d 1255, 1266 (3d Cir. 1990).

[5] Defendants admit that Title VII's anti-retaliation provision applies to those who participated in any manner in an investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a). Because the EEO proceeding is directly implicated in the present action, it stands to reason that the report could lead to the discovery of relevant information. Nevertheless, defendants assert that Brown did not testify during the investigation, so he did not participate in the proceeding, as required by the statute. (Doc. 120 at 21.) Brown, however, claims that "he did in fact give testimony." (Doc. 125 at 23.) Regardless, it is clear Brown was involved in the proceeding, whether he testified or not. Consequently, he "participated" in the investigation.

under no obligation to produce the report. (Doc. 120 at 21-22.) The e-mails, however, clearly and repeatedly make reference to the factfinder's report (Doc. 125 Ex. 19 at 3-4), and the report is still responsive to Brown's earlier discovery requests. Whether or not the report was actually attached to the e-mails, it is relevant to Brown's claim. Brown was unaware of the existence of the report until the September 2007 depositions. (Doc. 125 at 23.) Accordingly, defendants are **DIRECTED** to produce it.

Brown next asks the Court to order defendants to produce documents and an e-mail attachment regarding the Agency's disapproval of an annual award for him in 2003 because of pending disciplinary matters. (Doc. 112 at 19.) Defendants assert that this information is not relevant because the pending disciplinary action caused the denial of the award, the denial of the award did not cause the disciplinary action. (Doc. 120 at 22-23.) Consequently, they contend that the decision to deny the award is not relevant to Brown's inquiry. (<u>Id.</u>) Relevant information, however, need only be "reasonably calculated to the lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court cannot say

that discussions regarding defendants' determination not to provide Brown a yearly award would not lead to relevant and admissible evidence. Even though the decision not to provide Brown with a yearly award may have been "collateral" to the disciplinary charges filed against him (Doc. 120 at 23), the Court is of the opinion that the request falls within Brown's 2006 and 2007 document requests. Brown did not become aware of the existence of this award until defendants produced certain e-mails in February 2008. (Doc. 125 at 24.) Consequently, defendants are **DIRECTED** to produce the requested documents.[6] Brown's motion to compel the production of these documents is **GRANTED**.

Brown also asserts that defendants have failed to provide attachments to several other e-mails. (Doc. 112 at 18-19.) Defendants respond that there were no such attachments. (Doc. 120 at 22.) As above, the Court is unable to decipher whether any attachments actually existed, though there is no doubt that certain documents were repeatedly

---

[6] Defendants assert that they have already produced one attachment responsive to this request in a redacted form. (Doc. 120 at 24.) The document, "2003all.doc," contains a listing of all 2003 award recipients. (Id.) The attachment was redacted in order to protect the privacy of other named recipients who did not receive an award. (Id.) Brown's motion is **DENIED** to the extent he seeks to compel the production of this list.

referenced in the e-mails. If the documents were not attached but are still in existence, defendants are **DIRECTED** to produce them.

B. **Supplementing Interrogatories**

Brown finally seeks to compel defendants to provide verified supplemental responses to his interrogatories. (Doc. 112 at 21.) Defendants did not address this request in their response to Brown's motion to compel. To the extent that defendants' supplemental responses to Brown's interrogatories were not answered "fully in writing under oath," defendants are hereby **DIRECTED** to do so. Fed. R. Civ. P. 33(b)(3).

II. CONCLUSION

For all of the above reasons, the Court **GRANTS IN PART and DENIES IN PART** plaintiff's motion to compel.

**SO ORDERED** this 14th day of May, 2008.

*/s/ JRSmitt*

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA