UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PETER F. A. BROWN,

Plaintiff,

v.   406CV002

MICHAEL CHERTOFF, Secretary, Department of Homeland Security; and DEPARTMENT OF HOMELAND SECURITY,

Defendants.

## ORDER

Plaintiff Peter Brown has filed a Motion to Strike two supplemental briefs filed by the Government, or in the alternative, to obtain leave of this Court to file a response. Doc. # 160. The challenged pleadings are the Government's "Surreply in Opposition to Motion to Strike" (Surreply), doc. # 154 (filed 8/20/08), and its "Supplemental Brief in Support of Defendants' Third Motion for Summary Judgment as to Count II" (Supplemental Brief), doc. # 159 (filed 12/5/08).

Brown argues that the Government's Surreply should be stricken because "[n]o motion for leave was filed by Defendants to seek permission to file this untimely document" in violation of Local Rule 7. Doc. # 160 at 2. Furthermore, he argues, "surreply filings are not contemplated by Local Rule 7." *Id.* Likewise, the Government's Supplemental Brief "should not be considered because Defendants failed to seek leave or 'prior written permission' to file this brief and such supplemental briefs are not contemplated by Local Rule 7. *Id.*

Brown fails to appreciate the wide latitude granted for brief-filing under this district's Local Rules.[1] This Court's order in *Podger v. Gulfstream Aerospace Corp.*, 212 F.R.D. 609 (S.D.Ga. 2003) squarely answers Brown's motion. There, the plaintiff moved to strike a surreply to a summary judgment reply brief "contending that S.D.Ga.Loc.R. 7.5 and 7.6 do not authorize a reply to a reply, and even if they did, plaintiff's reply nevertheless should be struck for failure to comply with Rule 7.6's notice and timeliness provisions." *Id.* at 609. Denying that motion, this Court held that Local Rule 7.5 governs only the initial responses to motions -- not subsequent replies. *Id.* Additionally, the term "Reply Brief," as used in Local Rule 7.6 is "a generic term encompassing basically any brief that follows an opening brief and a response brief (hence, 'supplemental brief,' 'sur-reply brief,' etc.)." *Id.* at n. 2.

The upshot of *Podger* is two-fold. First, parties may file as many reply briefs as they like under Local Rule 7.5. *Id.* at 609. Second,

---

[1] The sections of the Local Rules that are relevant here are:

> L.R. 7.5 Response to Motion. Unless these rules or the assigned Judge prescribes otherwise, each party opposing a motion shall serve and file a response within fifteen (15) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty (20) days after service of the motion. Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."

S.D.Ga.Loc.R. 7.5.

> L.R. 7.6 Reply Briefs. A party intending to file a reply brief shall immediately so notify the Clerk and shall serve and file the reply within eleven (11) calendar days of service of the opposing party's last brief.

S.D.Ga.Loc.R. 7.6.

failure to satisfy the notice and timing provisions of Local Rule 7.6 cannot be used by an opposing party as a sword to have a brief stricken. Rather, that provision is for the benefit of the Court so that it may delay issuing an Order if it chooses to wait for the brief.[2] *Id.* at 610.

Finally, Brown argues that the Court should disregard the Government's Supplemental Brief because it contains unpublished Eleventh Circuit cases that are merely persuasive, rather than binding, and because the Government did not attach a complete copy of one of the unpublished opinions to the brief in violation of 11th Cir. R. 36-2. Doc. # 160 at 3. The Court welcomes both persuasive and binding authority from the 11th Circuit and keeps precedential value in mind when rendering opinions. Furthermore, 11th Circuit Local Rules govern the procedure in the Court of Appeals -- not district court procedure. *See* 11th Cir.Loc.R.1(a)(1). No copies of unpublished Eleventh Circuit opinions need be filed here (the Court has independent access to them).

Thus, the Government's supplemental briefings are permitted under the Local Rules. Because Brown has the same leeway to file supplemental briefs without leave, his request for leave is moot -- albeit subject to the aforementioned "sudden death" rule.

Accordingly, plaintiff Peter Brown's Motion to Strike defendants' supplemental briefs, doc. # 160, is ***DENIED.***

This  10  day of December, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] While S.D.Ga.Loc.R. 7.6 states that a party shall file and serve a reply brief within 11 days of the opposing party's last brief, the Court retains the discretion to issue its order prior to filing of the reply. Once the initial round of briefs have been filed, subsequent replies run the risk of "sudden death." That is, the Court is free to issue its decision at any time. *See Waddy v. Globus Medical, Inc.*, 2008 WL 3861994, * 1 (S.D.Ga. 8/18/08) (unpublished).